## Case No. 10,928.

### In re PENN et al.

[5 Ben. 500; [1] 8 N. B. R. 93.]

District Court, S. D. New York. Feb., 1872.

#### SUIT BY ASSIGNEE.

An assignee in bankruptcy had commenced a suit in a state court, to recover certain property as having been the property of the bankrupts. Specifications of opposition to the discharge of the bankrupts were filed in the bankruptcy proceedings, which were held by the court not to have been proven, and discharges were granted. Thereupon, the defendants in the state court suit applied to this court, on affidavits showing that the allegations in the bill of complaint in that suit were the same as those of the specifications, to direct the assignee to discontinue the suit in the state court: _Held_, that it was more proper that the issues involved in that suit should be disposed of on hearing in that suit, than on a motion in the bankruptcy proceedings.

[In the matter of the bankruptcy of John R. Penn, Charles V. Culver, and Lucien H. Culver. The proceedings are first reported as heard upon motion of certain creditors to have the adjudication of bankruptcy set aside. Case No. 10,926. It was next heard upon specifications filed in objection to the bankrupts' discharge. Cases Nos. 10,927 and 10,929. The discharges were granted.]

This was an application by the defendants in a suit brought by the assignee in bankruptcy in a state court, that this court would direct the assignee to discontinue the suit.

F. N. Bangs, for application.

A. B. McCalmont and R. Sewell, in opposition.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

## Case No. 10,929.

### In re PENN et al.

[5 N. B. R. 288.] [1]

District Court, S. D. New York. June 6, 1871.

#### BANKRUPTCY—OPPOSITION TO DISCHARGE.

Where a bankrupt's discharge is opposed on the grounds that he has sworn falsely in the oath to his schedules, has attempted to conceal his property and has transferred certain shares of stock to one of his creditors with intent to give him a preference, a discharge will be granted where the evidence shows that he had no interest in the property in question; that the alleged transfer was made without any collusion or fraud on his part, and that the stock in question was held by a third party, free from any interest of the bankrupt.

[In the matter of John R. Penn, Charles V. Culver, and Lucien H. Culver, bankrupts. The proceedings in this case are first reported as heard upon motion of certain creditors to set aside the adjudication of bankruptcy theretofore rendered. Case No. 10,926.]

F. N. Bangs and W. S. Opdyke, for bankrupts.

[1] [Reprinted by permission.]

A. B. McCalmont and R. Sewell, for creditors.

BLATCHFORD, District Judge. The specifications in regard to the jurisdiction of the court have been heretofore disposed of. [Case No. 10,927.] The third specification charges that C. V. Culver, in the oath to his schedules in bankruptcy, swore that he had no property in his own name or in the name of any other person, and in shares in any company, except ten shares of stock in the Reno Company of nominal value, whereas he owned ten thousand shares of the stock of the Reno Company, which stood on the books in the name of Robert F. Brooke, and were held by Brooke in trust and confidence for the use and benefit of C. V. Culver, as C. V. Culver well knew. The fourth specification charges that C. V. Culver, owning such shares and fraudulently intending to conceal them, caused them to stand on the books of the company in the name of Brooke, whereas they were and are the property of C. V. Culver; and that C. V. Culver, fraudulently intending to conceal them and to prevent them from coming to his assignee in bankruptcy, omitted them from the schedule of his assets. The sixth specification charges that C. V. Culver, being insolvent, transferred to a certain creditor of the bankrupts, certain shares of stock in the Reno Company, with intent to give a preference to such creditor over the other creditors of the bankrupts, and to defeat the provisions of the bankrupt act [of 1867 (14 Stat. 517)]. The stock transferred to such creditor was some of the stock which stood in the name of Brooke. The question involved in the third, fourth and sixth specifications is whether the stock which stood in the name of Brooke was the property of Culver, or was held by Brooke in trust and confidence for the use and benefit of Culver, and examination of the testimony leads me to the conclusion that the opposing creditors have not established that such stock was the property of Culver, or was held by Brooke in trust for Culver. The only trust shown is a trust created by Brooke for the benefit of such of the creditors of the bankrupts, who were such on the twenty-seventh of September, eighteen hundred and sixty-seven, as should choose to take for their debts, shares of stock in the Reno Company at par, such shares being the absolute property of Brooke, free from any claim or interest of Culver. The title of the bankrupts to all stock in the Reno Oil & Land Company, passed away from them to Jordan. Jordan afterwards acquired title to the lands of the company. Such lands passed to Brooke. They were made by him the capital of a new company called the Reno Company, and he created the trust referred to for the benefit of the creditors of the bankrupts, with a view to relieve the bankrupts from their debts, and at the same time to secure the co-operation of such creditors as stock-holders in the

company, and avail himself of the energy and skill of C. V. Culver in developing the interests of the company and making valuable the entire stock, as well that reserved to himself as that offered to the creditors. I see nothing reprehensible in this. On the contrary, it is clear from the testimony that, but for this arrangement and offer to the creditors, they would have received nothing. The property of the bankrupts had passed away from them, and there was nothing which the creditors could reach, unless it should be voluntarily offered for their acceptance by the party claiming the property under just such an arrangement as was made. The fifth specification charges that C. V. Culver, with the fraudulent intent of controlling the appointment of an assignee in bankruptcy in this proceeding, procured a certain false and fictitious debt to be proved against the estate of the bankrupts, and fraudulently, knowingly, and wilfully admitted such false and fictitious debt. This specification is not proved. Discharges are granted to all three of the bankrupts.

[NOTE. Subsequently an application by the defendants in an action brought by the assignee in the state court to have an order entered in this court instructing the assignee to discontinue that case was refused. Case No. 10,928.]